UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE WYATT JR., et al.,

                          Plaintiffs,

-against-

STATE OF TEXAS FOOD SERVICE, et al.,

                          Defendants.

21-CV-10446 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff George Wyatt Jr., who is currently incarcerated in Huntsville, Texas, filed this action *pro se* on behalf of himself and four other individuals. Plaintiffs did not submit the filing fees or requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the purposes of this order, the Court assumes Plaintiffs seek to proceed IFP. For the following reasons, the complaint is dismissed.

## DISCUSSION

Plaintiff George Wyatt Jr. styles the complaint as an action on behalf of himself and four individuals – Lisam Hall Wyatt, Mal-Smith R.P. Wyatt, R. L. Smith, Jr., and Camile L. Smith – who have not signed the complaint. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" (citations omitted)); *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a *pro se* prisoner to bring a class action on behalf of fellow inmates). As a non-attorney, Plaintiff George Wyatt Jr. cannot bring claims on behalf of others.

The Court therefore construes the complaint as asserting claims solely on behalf of George Wyatt Jr., the only person who signed the complaint.

Plaintiff George Wyatt Jr. is barred, however, from filing any new action IFP while he is a prisoner. *See Wyatt v. State of Texas*, No. 18-CV-00041 (S.D. Tx. Mar. 20, 2018); *Wyatt v. Dallas Sheriff Dep't*, No. 11-CV-115 (N.D. Tx. Feb. 25, 2011). Those decisions relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff George Wyatt Jr. has filed this new action, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, he brings claims against entities from the State of Texas about prison food service. Plaintiff George Wyatt Jr. is therefore barred from filing this action IFP.

## CONCLUSION

The Court construes the complaint as being brought solely by Plaintiff George Wyatt Jr., and dismisses this action without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C.

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).


§ 1915(g).[2] Plaintiff George Wyatt Jr. remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff George Wyatt Jr. and note service on the docket.

SO ORDERED.

Dated:   December 9, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[2] If Plaintiff commences a new action by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).